### ELIZABETH KIMMELL *v.* FREDERICK BURFEIND.

Although a third person may be guilty of negligence in the manner of using the defendant's premises, with the latter's permission, yet where such use, harmless in itself, is rendered hazardous to others by the defendant's neglect to provide sufficient fixtures to his premises, the latter will be liable for the consequences of such neglect.

A landlord having discontinued the use of gas upon his premises, removed the fixtures from the gas pipes, leaving the latter open and uncovered, in the apartments which were afterward let to, and occupied by, the plaintiff. The landlord subsequently gave to the tenant of a lower floor of the premises, permission to introduce gas into the house, which the latter did. In consequence of the gas pipes in the plaintiff's apartments being open, the room became filled with gas, and an explosion took place, causing injury to the plaintiff. *Held,* that the landlord was guilty of negligence, and, in the absence of contributory negligence on the plaintiff's part, was liable in damages for the injury sustained.

Where in an action for negligence, the justice before whom the cause was tried did not pass upon the question whether the plaintiff was guilty of contributing to the injury by his own fault, but dismissed the complaint upon the sole ground that the defendant was not liable as matter of law, the court will not, upon appeal, inquire whether or not the plaintiff was guilty of negligence, for the purpose of affirming the judgment.

APPEAL by the plaintiff from a judgment of the Sixth District Court dismissing the complaint.

The action was brought by the plaintiff, who was a tenant of the defendant, to recover damages for injuries sustained by her by reason of an explosion of gas in her apartments. It appeared that the plaintiff hired of the defendant the second floor of premises in New York City. At the time of the hiring there was no gas-meter in the house. There were gas pipes in the house, and in the rooms hired by the plaintiff. The vents of the pipes were open at the time of hiring, a fact known to the defendant. Subsequently to the hiring, the defendant gave permission to another tenant, occupying a lower portion of the house, to put in a gas-meter. This permission was given and acted upon without the knowledge of the plaintiff. The plaintiff was absent when the meter was attached to the gas pipes, and on her return, found a great smell of gas in

the house.  She did not then know that the gas-meter was in any way connected with the pipes in her room.  The defendant then ordered the gas to be turned off.  After waiting twenty minutes, the plaintiff went into her room, and as she entered her room the gas therein exploded and injured her severely.  The vent of the gas pipes had not been closed when the gas-meter was put in, and the gas escaped in such quantities that the plaintiff's rooms were filled with it.

The justice dismissed the complaint on the express ground that the defendant was not guilty of negligence, without passing upon the question, whether or not the plaintiff had been guilty of negligence in entering the room as she did.

The plaintiff appealed from the judgment.

*Raymond & Coursen,* for appellant, relied upon *Eakin* v. *Brown,* (1 E. D. Smith, 36).

*Charles Cheney,* for the respondent, contended that the defendant could only be made liable upon the principles making a master liable for the negligence of a servant, and that that relation did not exist between the landlord and the tenant who was authorized to introduce the gas, nor between the landlord and the gasfitter; and cited *Blake* v. *Ferris* (5 N. Y. 48); *Pack* v. *Mayor &c. of New York* (8 Id. 222); and *Kastor* v. *Newhouse* (4 E. D. Smith, 20).

BY THE COURT.—BRADY, J.—The plaintiff hired from the defendant the second floor of the premises, 61 West 18th street. The defendant also rented the basement of those premises to a man named Newman, who occupied it as a bakery.  In the front room of plaintiff's apartments there was a gas pipe or fixture, which was neither covered nor stopped.  The defendant gave to Newman permission to introduce gas, and he did so on the 24th July, 1865, during the absence of the plaintiff from the premises.  When the plaintiff returned to the house, she discovered that gas was escaping, and notified the defendant thereof.  He tested the pipe in the hallway, and found the gas escaping there.  He then tested the pipe in the back room,

occupied by the plaintiff, and found that the gas did not ignite. He did not go into the front room. The plaintiff further testified, " We told him to turn off the meter, and I supposed he did so; and then, when I ventured to take a candle in the front room, it exploded." The defendant admits that he said he would go down and "turn off the meter;" but he was unable to do so, and sent his clerk, who did it. He did not advise the plaintiff that any delay had taken place in reference to that event; and he did not advise her not to go into the front room. After telling the defendant, however, to "turn off the meter," the plaintiff aired the house about twenty minutes, and then went into the room. It also appeared that Newman put in the meter, and introduced the gas, without informing the defendant of it. It further appeared that defendant told Newman, when he wanted the gas, he "must have the pipes upstairs cut off;" and that Newman directed the gas man to do so, and asked him subsequently if every thing was right, and he said yes. The justice, on these facts, found for the defendant. He did not pass upon the question, which, assuming the defendant to be liable, was the real issue in the case, and which was, whether the plaintiff had not, by her own negligence, contributed to the injury which she had sustained. The plaintiff must be regarded as having knowledge of the danger of using a light in the front room, for two reasons, namely : she knew that the gas was escaping; and that the pipe in her room was not covered or stopped. Whether a sufficient time had elapsed after the defendant undertook to cut off the gas, to remove the impending danger, by airing the premises, was the element upon which the plaintiff's negligence depended. There was evidence bearing upon the question of negligence on both sides ; but, as already suggested, it was not passed upon. The justice held that the defendant was not liable in any event, but that the gas man was responsible, having failed to accomplish what he undertook, in reference to cutting off the gas from circulation through the pipes in the upper part of the premises in question. Assuming the plaintiff free from any negligence, which would prevent her recovery, is the defendant liable to her for the damages sustained ? It is said in *Eakin* v. *Brown* (1 E. D. Smith, 36), that " if the owner let to one the first

floor, and by reason of his negligent introduction of an insufficient fixture on the second or any other floor, whether in the actual occupation of himself, or of a second tenant, the tenant below suffers damage, he may have recourse to his landlord." Assuming the doctrine declared by that case to be correct, the defendant was liable, and the finding of the justice was erroneous. He had introduced an insufficient fixture, and its insufficiency might be dangerous to property and to life. It became so, being uncovered and not stopped, as soon as the gas was permitted to flow into it. He was, therefore, guilty of a violation of the obligation which enjoins care and caution, and of a duty which he owed to his tenant; and having been guilty of these violations, he was also guilty of negligence, and responsible for the consequences. This case is analogous to *McCahill* v. *Kipp* (2 E. D. Smith, 413), in which we held that an owner was liable for damages caused by his horse running away, where the servant in charge of him had not properly secured him, although the consequences of the accident were also chargeable upon a third person, who caused him to run, by carelessly frightening him. Although Newman may have been guilty of negligence in not advising the plaintiff that he intended to introduce the gas, and in not ascertaining that the gas did not enter into the pipe leading into the plaintiff's room, and in that way have been instrumental in doing the mischief accomplished; yet the defendant is the primary cause. He put in the pipe, and removed the fixture, leaving it open; and by authorizing Newman to introduce the gas, gave him the power to work the injury by an act which would have been entirely harmless, as it was certainly lawful, had the pipe been properly secured, as it should have been. For these reasons the judgment must be reversed. The justice has not found upon the whole of the issues. He did not consider the question whether the plaintiff had, by co-operating negligence, sustained the injury complained of. His opinion shows this to be so. Not having passed upon that question, if we did it, it would be a decision of the general term of this court, upon an issue which the justice considered immaterial, and did not pass upon. The judgment should be reversed.

Judgment reversed.